UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA ANGELA VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-11-45 |
| | § | |
| NUECES COUNTY, TEXAS & | § | |
| RAMIRO CANALES, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Plaintiff Maria Angela Vasquez' ("Plaintiff") Motion for Leave to Amend Complaint (Dkt. No. 17) and Defendants Nueces County, Texas and Ramiro Canales' (collectively "Defendants") Rule 12(e) Motion for More Definite Statement (Dkt. No. 11), Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 12), Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. No. 13), and Motion to Dismiss Ramiro Canales in his Official Capacity (Dkt. No. 14).

**I. Plaintiff's Motion for Leave to Amend (Dkt. No. 17)**

**A. Legal Standard**

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208—09 (5th Cir. 2006) (unpublished); *see also Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, 2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (applying the relevant standards in the context of a motion to amend pleadings to assert counterclaims and third-party claims). Indeed, the Fifth Circuit has long

recognized that the Federal Rules "evince[ ] a bias in favor of granting leave to amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). When determining whether to grant a motion for leave to amend, courts in this circuit may consider several factors, including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

### B. Analysis

After considering the motion, response, record, and applicable law, the Court finds that Defendants have failed to provide a "substantial reason" to justify denying Plaintiff's request for leave to amend, and the factors set forth by the Fifth Circuit favor amendment. *See Jones* 427 F.3d at 994; *Avatar Exploration*, 933 F.2d at 321. Defendants have not alleged bad faith or dilatory motive on Plaintiff's part. Moreover, Plaintiff has not repeatedly failed to cure deficiencies, as this is her first attempt at amending her complaint. Finally, and most importantly, the Court finds that amendment would not pose undue prejudice to Defendants or cause undue delay because it is merely responsive to Defendants' Rule 12(e) Motion for More Definite Statement, in which Defendants move the Court to require Plaintiff to amend her Complaint with respect to, among other things, whether she was bringing a claim for due process violations. (Dkt. No. 11, ¶ 4.) Plaintiff's First Amended Original Complaint repleads Plaintiff's claims under the Fifth and Fourteenth Amendments to explicitly state that her due process rights were denied. (Dkt. No. 17, Ex. 1, ¶ 48.)

Accordingly, Plaintiff's motion for leave to amend is **GRANTED**.

**II. Defendants' Various Motions to Dismiss (Dkt. Nos. 11, 12, 13, 14)**

An amended complaint supersedes a prior complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts the earlier pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Plaintiff's First Amended Original Complaint repleads the claims underlying Defendants' various motions to dismiss but makes no reference to nor adopts any portion of Plaintiff's Original Complaint. Because the currently pending motions to dismiss address only the claims in Plaintiff's Original Complaint, the Court finds that the motions are moot.

Accordingly, Defendants' Rule 12(e) Motion for More Definite Statement (Dkt. No. 11), Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 12), Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. No. 13), and Motion to Dismiss Ramiro Canales in His Official Capacity (Dkt. No. 14) are **DENIED** as **MOOT,** without prejudice to refiling.

It is so **ORDERED**.

**SIGNED** this 24th day of May, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE