UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MARIA ANGELA VASQUEZ,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. C-11-45** |
| | § | |
| **NUECES COUNTY, TEXAS &** | § | |
| **RAMIRO CANALES,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Nueces County, Texas' ("Nueces County") Motion for Summary Judgment (Dkt. No. 75), to which Plaintiff Maria Angela Vasquez ("Plaintiff") has responded (Dkt. No. 83).

**I. Background**

Plaintiff began her employment as a seasonal clerk in the Nueces County Tax Assessor-Collector's Office on January 8, 1996. She became a full-time, intermediate clerk on April 10, 1996 and was promoted to Senior Clerk I effective November 4, 1996. Effective January 26, 2006, Plaintiff was promoted to the position of Senior Clerk II, which she held in the Motor Vehicle Registration Section of the Tax Assessor-Collector's Office until her termination, effective April 6, 2010.

Over the course of her 14-year employment, Plaintiff was counseled, reprimanded, and/or disciplined several times about her work. In February 2002, Plaintiff was counseled for continuing to issue the wrong windshield stickers to customers and failing to proofread her work. In December 2003, Plaintiff received a letter of reprimand, a First Level Disciplinary Action, for "insubordination towards [her] superiors and disrespect for superiors and coworkers." (Dkt. No.

1

75, Ex. B-2 at 32.) In February 2005, Plaintiff received a Second Level Disciplinary Action for insubordination after confronting a supervisor and "demanding an immediate response in front of [] customers." (*Id.* at 30.) In May 2006, Plaintiff was counseled after being late to work nine times in one month. In February 2007, Plaintiff was counseled for being careless in cash handling procedures. In October 2007, Plaintiff was given a 5-day suspension for insubordination, a Third Level Disciplinary Action, after refusing to deposit funds as directed by her supervisor.

Giving rise to this lawsuit, on March 31, 2010, Plaintiff was given notice of her contemplated termination following another incident involving insubordination the previous day. According to the letter Nueces County Tax Assessor Ramiro Canales wrote to Plaintiff (Dkt. No. 75, Ex. B-1 at 15-16), after telling a coworker to tell their supervisor that the supervisor could "wipe her ass" with some paperwork given to Plaintiff to handle, Plaintiff wadded up a document and threw it on her supervisor's desk, then began arguing with her supervisor and disrupting office operations. When the Chief Deputy Tax Assessor arrived at the supervisor's office, he asked Plaintiff to calm down, but she continued to shout and would not leave when she was asked to leave. She initially stated that she would only leave if security escorted her out but eventually left.

Plaintiff was placed on suspension with pay until an investigation and decision concerning any further discipline could be made. One week later, on April 6, 2010, Plaintiff received a Letter of Termination (Dkt. No. 75, Ex. B-2 at 21-22). The reasons given for Plaintiff's termination included previous disciplinary actions for insubordination; recent insubordination; dishonesty; violation of the provisions of the rules and regulations of the Civil Service Commission, Commissioners' Court, or the appointing authority; conduct unbecoming an officer or employee of the County while performing her duties; failing to meet the written

standards of job performance; and just cause. After her termination, Plaintiff filed a grievance with the Civil Service Commission. A hearing was held on May 23, 2011, after which the Commission unanimously upheld Plaintiff's termination. Plaintiff did not file a timely appeal of the Commission's decision in the state district court.

Following her termination, Plaintiff also filed a Charge of Discrimination with the Texas Workforce Commission (TWC) and Equal Employment Opportunity Commission (EEOC), alleging discrimination because of sex, national origin, race, color, and age, as well as retaliation. The TWC's Civil Rights Division investigated Plaintiff's charge of discrimination on behalf of the EEOC and determined as follows:

> The evidence indicates in April 2010, [Plaintiff] was given some documents by a co-worker and told to make corrections as per a directive from the office supervisor. The evidence and co-worker testimony indicates [Plaintiff] made derogatory remarks toward her supervisor. [Plaintiff] was called into the supervisor's office where she started to argue with supervisor and the co-worker who delivered the paperwork in a loud voice. The evidence indicates another supervisor had to be called in, and [Plaintiff] was asked to leave the premises.

(Dkt. No. 75, Ex. B at 2.) The reviewing official further concluded that:

> Neither [Plaintiff] nor her attorney have provided any information on how [Plaintiff]'s age, race or sex or retaliation were a factor in her termination.
>
> [Nueces County] has 20 similarly situated employees in the same department as [Plaintiff]. There are two males and 18 females; three under the age of 40, and 17 are over the age of 40; two are of a national origin different than Mexican-American. Two similarly situated employees were disciplined in a manner similar to [Plaintiff]. Once was suspended for five day without pay, and then terminated a few months later when the behavior continued. She was an Hispanic female over the age of 40. The other was a White female over the age of 40 who was suspended for three days without pay for infractions similar to [Plaintiff].

(*Id.* at 3.) Based on its investigation, the TWC was unable to conclude that there was any violation of law. The EEOC adopted the TWC's findings.

While awaiting the decision of the TWC and EEOC, on February 21, 2011, Plaintiff filed this action against Nueces County and Tax Assessor Canales alleging violations of Title VII of

3

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the Texas Commission on Human Rights Act (TCHRA), TEXAS LABOR CODE §§ 21.001 *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*; and 42 U.S.C. §§ 1981 & 1983. By written Order entered February 6, 2012, the Court dismissed Canales as a defendant to this action and dismissed Plaintiff's claims for racial discrimination under Title VII and the TCHRA; retaliation and hostile work environment under Title VII, the TCHRA, and the ADEA; and violations of 42 U.S.C. §§ 1981 and 1983.

On June 12, 2012, Plaintiff filed her Second Amended Complaint (Dkt No. 61), which realleged her claims for discrimination based on color, national origin, gender, and age, and also included an attempted appeal of the decision of the Civil Service Commission pursuant to Texas Local Government Code § 158.012. Nueces County now moves for summary judgment on all of Plaintiff's claims.

**II. Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, Ltd. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

4

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "[T]he court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Freeman v. U.S.*, 2005 WL 3132185, *2 (S.D. Tex. Nov. 22, 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

## III. Analysis

### A. Discrimination Claims

#### 1. Legal Standard

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e2(a). National origin discrimination includes the denial of equal employment opportunity because of an individual's or his ancestor's place of origin, or because an individual has the physical, cultural, or linguistic

characteristics of a national origin group. 29 C.F.R. § 1606.1. The ADEA makes it "unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The TCHRA similarly prohibits discrimination on the basis of race, color, disability, religion, sex, national origin, or age. TEX. LAB. CODE § 21.051.

A plaintiff may present her case of discriminatory intent by direct or circumstantial evidence, or both. *Russell v. McKinney Hospital Venture,* 235 F.3d 219, 222 (5th Cir. 2000). "Direct evidence" is evidence that, if believed, is sufficient to prove discriminatory intent without inference, presumption, or resort to other evidence. *Haas v. Advo Syst., Inc.,* 168 F.3d 732, 733-34 (5th Cir. 1999). If the plaintiff produces only circumstantial evidence of discrimination, the Court's inquiry is guided by the *McDonald Douglas* burden shifting paradigm. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* approach, the allocation of the burden of production and the order for presentation of proof is as follows: (1) the plaintiff must first establish a *prima facie* case of discrimination; (2) if the plaintiff meets his burden, then the burden of production shifts to the defendant to produce evidence of a legitimate nondiscriminatory reason for its actions; and (3) if the defendant produces a legitimate reason, then the presumption of discrimination vanishes, and the plaintiff must demonstrate a genuine issue of material fact that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142-43 (2000). If the plaintiff employee cannot establish a *prima facie* case, then the defendant need not present any reason for its action. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

To establish a *prima facie* case of national origin, color, or gender discrimination under Title VII, the plaintiff must show: (1) she belongs to a protected class; (2) she was qualified for

6

her position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). To establish a *prima facie* case of age discrimination under the ADEA, the plaintiff must show: (1) she was discharged; (2) she was qualified for the position; (3) she was 40 years or older at the time of discharge; and (4) she was either i) replaced by someone under 40, ii) replaced by someone younger, or iii) otherwise discharged because of her age. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).

The Fifth Circuit applies the *McDonnell Douglas* analysis to both Title VII and ADEA claims. *See Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000); *Baker v. Am. Airlines, Inc.,* 430 F.3d 750, 753 (5th Cir. 2005). The TCHRA is nearly identical to the Federal Civil Rights Act of 1991; therefore, Texas courts follow federal statutes and cases in applying the TCHRA. *Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 476 (Tex. 2001); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).

**2. Analysis**

Plaintiff, a Hispanic female of Mexican-American origin, was 43 years old at the time she was hired and 57 years old when her employment was terminated. While Plaintiff is a member of more than one protected class and suffered an adverse employment action when she was terminated, Plaintiff has failed to set forth sufficient evidence creating a genuine issue of material fact that she was terminated on the basis of her gender, color, national origin, or age.

First and foremost, Plaintiff has not presented evidence that she was replaced by someone under 40, or of a different gender, color, or national origin—to the contrary, her position was filled by Joanna Flores, a 42 year-old Hispanic female. (*See* Dkt. No. 75, Ex. C.) In fact, of the 21 individuals who performed the duties of Senior Clerk II in the Tax Assessor-Collector's

7

Office at the time Plaintiff was terminated, 19 were female, 19 were Hispanic, and 19 were 40 years of age or older. (*Id.*, Ex. B at 2-3, Ex. B-7 at 15.) Even more damaging to Plaintiff's discrimination claims, 15 of the 21 people who performed the duties of Senior Clerk II were Hispanic females over the age of 40. (*Id.*)

Plaintiff has also failed to present any evidence of disparate treatment. To establish disparate treatment, an employee must show that her employer "gave preferential treatment to another employee under 'nearly identical' circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees.'" *Okoye v. University of Texas Houston Health*, 245 F.3d 507, 514 (5th Cir. 2001) (internal quotations and citations omitted). As noted by the EEOC, in the year before Plaintiff was terminated, 21 people held the position of Senior Clerk II, meaning there were 20 similarly-situated employees. The EEOC explicitly found that two similarly situated employees were disciplined in a manner similar to Plaintiff: a Hispanic female over the age of 40 and a White female over the age of 40. Plaintiff next attempts to establish disparate treatment by offering evidence that, during the period between January 1, 2009 and July 12, 2012, Nueces County reported terminating or disciplining 13 employees, all of whom were women, and 10 of whom were age 40 or over. (Dkt. No. 83, Exh. 16.) Given that 90% of the employees who performed the duties of Senior Clerk II were female and 90% were over age 40, it is not surprising that the majority of employees who were disciplined were either female or over 40.

Here, the only "evidence" that Plaintiff offers to support her claims of discrimination is her own affidavit stating that her termination was motivated by her gender, color, national origin, and age. (Dkt. No. 83, Ex. 15, ¶ 16.) However, Plaintiff's own subjective belief is insufficient to establish a *prima facie* case of discrimination under Title VII, the ADEA, or the TCHRA. *See Baltazor v. Holmes*, 162 F.3d 368, 377 n. 11 (5th Cir. 1998); *Grimes v. Texas Department of*

8

*Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996) (conclusory allegations, unsubstantiated assertions, and subjective beliefs are insufficient to support a discrimination claim); *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir.1993) ("[P]laintiff's subjective belief that his discharge was based on age is simply insufficient to establish an ADEA claim.").

Because Plaintiff has failed to establish a *prima facie* case of discrimination, Nueces County need not present any reason for its decision to terminate her employment. *See Burdine*, 450 U.S. at 253. Even so, Nueces County has offered a legitimate, non-discriminatory reason for Plaintiff's termination, namely her repeated insubordination over a number of years, consummated by the March 30, 2010 incident described in detail at Part I, *supra*.

Plaintiff argues that summary judgment is nonetheless improper here because "there is clearly a disputed material fact issue that [she] was wrongfully terminated." (Dkt. No. 83 at 23.) Plaintiff attempts to show that her termination was wrongful because in 1997 and 1998, she received performance evaluations of satisfactory, and from 1999 to 2002, she received performance evaluations of exceptional. (Dkt. No. 83, Ex. 14.) Not only has Plaintiff failed to offer any evidence of her evaluations for the eight years leading up to her termination, Nueces County has presented evidence that Plaintiff was counseled and/or disciplined six times between February 2002 and October 2007 before she was ultimately terminated in 2010. (Dkt. No. 75, Ex. B-2.) Plaintiff further argues that she was accused of something she did not do, and the March 30, 2010 incident did not occur as alleged by Nueces County and concluded by the TWC investigation. Specifically, Plaintiff complains that Nueces County has not produced the document Plaintiff allegedly wadded up, Nueces County has not refuted a co-worker's letter that it was a different employee who made the derogatory statements attributed to Plaintiff, and the investigation performed into the incident was inadequate.

As Nueces County correctly points out, the issue in this lawsuit is not whether Nueces County made an erroneous decision in terminating Plaintiff's employment, but whether its decision was made with discriminatory motive. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995). As recognized *supra*, Plaintiff has presented absolutely no evidence of discriminatory motive on the part of Nueces County. Accordingly, Nueces County's motion for summary judgment on Plaintiff's discrimination claims under Title VII, the ADEA, and the TCHRA is granted, and these claims are dismissed.

### B. Civil Service Appeal

Nueces County further moves for summary judgment on Plaintiff's attempted appeal of the Civil Service Commission's decision upholding Plaintiff's termination because Plaintiff failed to comply with the statutory requirements for appealing that decision and has not served the Civil Service Commission with suit.

Under the Texas Local Government Code, "A county employee who, on a final decision by the commission, is . . . removed from the employee's position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision." TEX. LOC. GOV'T CODE §158.012(a). "Where, as in the instant case, the Legislature has created a right to appeal from an administrative decision, the applicable statutory provisions are mandatory and exclusive and must be complied with fully for the action to be maintainable." *Bouldin v. Bexar County Sheriff's Civil Service Commission*, 12 S.W.3d 527, 529 (Tex. App.—San Antonio 1999, no writ). Otherwise, a court lacks jurisdiction over the appeal. *Id.* at 530.

Here, Plaintiff did not file a petition in the Nueces County District Court within 30 days after the Civil Service Commission's May 23, 2011 decision. Instead, Plaintiff amended her Complaint in this case in an attempt to appeal the decision to this Court. Because Plaintiff did not exercise her option to appeal the Civil Service Commission's decision by filing a petition in the

Nueces County District Court within 30 days, the decision of the Civil Service Commission became final and is not appealable to this Court. *See McKinnies v. Bexar County, Texas*, 2007 WL 2815693, *7 & n.129 (Mathy, Mag. J., W.D. Tex, Sept. 20, 2001) (unpublished). Accordingly, Nueces County's motion for summary judgment on this claim is granted, and Plaintiff's appeal of the Civil Service Commission's decision is dismissed.

## V. Conclusion

For the reasons set forth above, Defendant Nueces County's Motion for Summary Judgment (Dkt. No. 75) is **GRANTED**, and this action is **DISMISSED**.

It is so **ORDERED**.

**SIGNED** this 20th day of March, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE